Charles E. ROE and Anita I. Roe, Plaintiffs,

v.

Pete WERT; Melvin Hatley; USA Waste Management, Inc., an Oklahoma corporation; General Materials, Inc., an Oklahoma corporation; Haskell Lemon Construction Company, an Oklahoma corporation; Newcastle Land Company, an Oklahoma corporation, Defendants.

No. CIV–88–1852–P.

United States District Court, W.D. Oklahoma.

Jan. 31, 1989.

James A. Idard, Angel, Ikard & Nach, Oklahoma City, Okl., for plaintiffs.

Robert L. Huckaby, Huckaby, Fleming, Frailey, Chaffin & Darrah, Chickasha, Okl., and Robert D. McCutcheon, Hastie and Kirschner, Oklahoma City, Okl., for defendants.

## ORDER

PHILLIPS, District Judge.

### I. INTRODUCTION

Before the Court is the motion to dismiss filed by defendants Pete Wert, General Materials, Inc., Haskell Lemon Construction Co., and Newcastle Land Co. (collectively "Wert, et al."); the motion to dismiss filed by defendants Melvin Hadley and USA Waste Management, Inc. ("Hadley and Waste Management"); and plaintiffs' (the "Roes") motion for leave to amend their Complaint to add a cause of action under the Resource Conservation & Recovery Act ("RCRA"), 42 U.S.C. § 6972. Oral arguments on all motions were heard January 3, 1989.

This action involves a claim by land owners pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607, and pendent state claims for response costs and environmental damage arising from an alleged hazardous waste disposal site on property adjacent to that of the Roes. The Roes claim that the hazardous waste polluted their land. The Roes did not give statutory pre-suit notice. Consequently, defendants contend the Court has no subject-matter jurisdiction. The Roes contend they gave notice-in-fact, and moreover, actual notice has been given subsequent to the Complaint being filed. The dispositive issue before the Court is whether private suits under CERCLA require sixty (60) days presuit notice to the entities, including defendants, referenced in the statute. The Court answers affirmatively. Accordingly the Court is without subject-matter jurisdiction, and the motions to dismiss are GRANTED.

### II. RELEVANT STATUTES

Since October 17, 1986 CERCLA has had a citizens suits provision that requires presuit notice:

**A. CERCLA:**

**§ 9659. Citizens suits**

**(a) Authority to bring civil actions**

Except as provided in subsection (d) and (e) of this section and section 9613(h) of this title (relating to timing of judicial review), any person may commence a civil action on his own behalf—

(1) against any person (including the United States and any other governmental instrumentality or agency, to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of any standard, regulation, condition, require-

ment, or order which has become effective pursuant to this chapter (including any provision of an agreement under section 9620 of this title, relating to Federal facilities); ...

. . . . .

**(d) Rules applicable to subsection (a)(1) actions**

**(1) Notice**

No action may be commenced under subsection (a)(1) of this section before 60 days after the plaintiff has given notice of the violation to each of the following:

(A) The President.

(B) The State in which the alleged violation occurs.

(C) Any alleged violator of the standard, regulation, condition, requirement, or order concerned (including any provision of an agreement under section 9620 of this title).

Notice under this paragraph shall be given in such manner as the President shall prescribe by regulation.

**(2) Diligent prosecution**

No action may be commenced under paragraph (1) subsection (a) of this section if the President has commenced and is diligently prosecuting an action under this chapter, or under the Solid Waste Disposal Act [42 U.S.C.A. § 6901 et seq.] to require compliance with the standard, regulation, condition, requirement, or order concerned (including any provision of an agreement under section 9620 of this title).

42 U.S.C. § 9659(a)(1) & (d) (1986).

Section 9659(d)(2) explains that notice is required because if the Environmental Protection Agency ("EPA") commences an action and is diligently prosecuting that action then a citizens suit is prohibited.

CERCLA also has a notice requirement for claims against the Superfund:

**§ 9612. Claims procedure**

**(a) Claims against the Fund for response costs**

No claim may be asserted against the Fund pursuant to section 9611(a) of this title unless such claim is presented in the first instance to the owner, operator, or guarantor of the vessel or facility from which a hazardous substance has been released, if known to the claimant, and to any other person known to the claimant who may be liable under section 9607 of this title. In any case where the claim has not been satisfied within 60 days of presentation in accordance with this subsection, the claimant may present the claim to the Fund for payment. No claim against the Fund may be approved or certified during the pendency of an action by the claimant in court to recover costs which are the subject of the claim.

42 U.S.C. § 9612(a) (1986).

RCRA also has a sixty (60) day notice provision for citizens suits, but there is an exception in the case of hazardous waste:

**B. RCRA:**

**§ 6972. Citizens suits**

**(a) In general**

Except as provided in subsection (b) or (c) of this section, any person may commence a civil action on his own behalf—

(1)(A) against any person (including (a) the United States, and (b) any other governmental instrumentality or agency, to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to this chapter; or

(B) against any person including the United States and any other governmental instrumentality or agency, to the extent permitted by the eleventh amendment to the Constitution, and including any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage or disposal facility, who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present any imminent and substantial endangerment to health or the environment; ...

**(b) Actions prohibited**

(1) No action may be commenced under subsection (a)(1)(A) of this section—

(A) prior to 60 days after the plaintiff has given notice of the violation to—

(i) the Administrator;

(ii) the State in which the alleged violation occurs; and

(iii) to any alleged violator of such permit, standard, regulation, condition, requirement, prohibition, or order,

*except that such action may be brought immediately after such notification in the case of an action under this section respecting a violation of subchapter III of this chapter* [hazardous waste], or . . . .

42 U.S.C. § 6972(a) & (b)(1)(A) (1984) (emphasis supplied).

### III. LEGISLATIVE HISTORY OF CERCLA

Because of the numerous environmental statutes and the immediate need to distinguish CERCLA from RCRA the following legislative background is provided:

**A. *House Report Excerpts:***

Eleven Federal environmental laws now contain citizens suits provisions. These laws include the Clean Air Act, the Federal Water Pollution Control Act, the Toxic Substances Control Act, . . . RCRA, the Noise Control Act, the Safe Drinking Water Act, the Endangered Species Act, the Deep Water Port Act, the Outercontinental Shelf Land Act, the Surface Mine Control and Reclamation Act, and the Marine Protection, Research, and Sanctuaries Act.

[Section 9659] would authorize citizens suits under Superfund. This provision would authorize citizens suits against persons alleged to be in violation of any requirement which is effective pursuant to the Act. It would also authorize suits against government officials who are alleged to have failed to perform mandatory duties under the Act.

. . . . .

In 1983, this Committee considered a propos[al] . . . to authorize citizens suits under RCRA for the first time. . . .

[C]itizens were authorized to bring suits "against any person, including the United States and any other government instrumentality or agency . . . and any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility . . ." where their activities may present "an imminent and substantial endangerment to health or the environment." The Committee amendment to H.R. 2817 provides for the same type of action under Superfund.

One of the main reasons the Committee added this provision to CERCLA is because it is unclear whether citizens can use the citizen suits provision currently contained in RCRA (described above) to address all waste site threats. Each time a citizen currently brings a case under RCRA, the court has to decide whether the substance is a solid waste under RCRA criteria in order to allow the suit to proceed. Thus, the only way to ensure that citizens have protection from all hazardous substances, including those that are not RCRA "hazardous waste", is to authorize citizens suits under CERCLA. With this amendment, plaintiffs and the courts will not have to waste time and resources in determining that a non-listed substance is a solid waste under RCRA. Citizens should be able to sue to protect themselves from dangerous chemicals regardless of whether EPA has formally listed the chemical under RCRA.

HOUSE JUDICIARY COMM. R. NO. 99–253, H.R. No. 2817, *reported in,* 1 *SARA: The Superfund Amendments and Reauthorization Act of 1986: The Legislative History* at 206–24 (Environmental Institute For Waste Management Studies, 1987).

**B. *Senate Report Excerpts:***

A citizen suit provision has been a standard feature of each of the major environmental laws since the early 1970's. The reported bill adds such a provision to the Superfund law. Under this new authority, modeled on the citizen suit provisions of the Clean Air, Clean Water, and Solid Waste Disposal

Acts, individuals may bring actions in Federal court against private parties to abate violations of CERCLA, and against Federal officials to seek performance of nondiscretionary duties under the Act....

All penalties awarded pursuant to this amendment, which allow courts in which citizen suits are brought "... to apply appropriate civil penalties under this Act," are to be paid into the United States Treasury....

SENATE ENV'T & PUB. WORKS COMM. R. NO. 99–11, S.R. No. 51, *reported in*, 1 *SARA* at 206–29 & 206–30.

### IV. UNDISPUTED CHRONOLOGICAL FACTS

1. October 20, 1988—Complaint (CERCLA claim) was filed.
2. November 3, 1988—RCRA Notice was mailed.[1]
3. November 25, 1988—CERCLA Notice was mailed.[2]
4. November 25, 1988—Motion to Amend Complaint was filed to add RCRA claim.

### V. FINDINGS & ANALYSIS

A. *The CERCLA Claim:*

At the outset the Court recognizes that there is substantial confusion regarding notice requirements of environmental legislation in general, and CERCLA in particular. *See, e.g., Walls v. Waste Resource Corp.,* 823 F.2d 977, 978 n. 1 (6th Cir.1987). "CERCLA has acquired a well-deserved notoriety for vaguely drafted provisions and an indefinite, if not contradictory legislative history." *United States v. Mottolo,* 605 F.Supp. 898, 902 (D.N.H.1985). "CERCLA was the product of a three year congressional effort to address the growing problem of hazardous waste releases

and it was enacted as a 'last minute compromise' between three competing bills, H.R. 7020, H.R. 85, and S. 1480." *Dedham Water Co. v. Cumberland Farms Dairy, Inc.,* 805 F.2d 1074, 1080 (1st Cir.1986).

■ In the instant case the Roes stated in their complaint: "This action is brought pursuant to 42 U.S.C. Section 9607, the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) and for pendent claims arising under the common law of the State of Oklahoma." Complaint at 2, ¶ 3 (filed Oct. 20, 1988). As defendants assert, this action should have properly been brought under 42 U.S.C. § 9659. Section 9607 provides for claims against Superfund, and section 9659 is for citizens suits brought by private parties against all other entities. The Court understands plaintiffs' confusion because prior to the Superfund Amendments and Reauthorization Act of 1986 (SARA), 42 U.S.C. §§ 9605 *et seq.*, which amended CERCLA, Courts recognized citizens suits under section 9607. *See Walls v. Waste Resources Corp.,* 761 F.2d 311, 318 (6th Cir.1985) (CERCLA section 9607(a)(4)(B) created an implied, private right of action).

Under section 9607, pre-suit notice was not a prerequisite for citizens suits.[3] Under section 9659, sixty (60) days notice is now a prerequisite for citizens suits. 42 U.S.C. § 9659(d)(1) (1986). No circuit has addressed the sixty (60) days notice provision of section 9659. However, it is informative that some circuits have addressed the notice requirements of various other environmental statutes. There is a split of authority among those circuits.[4]

Four circuits have adopted the pragmatic/functional doctrine. These circuits have found subject-matter jurisdiction, despite the lack of pre-suit notice, either by (1) determining notice-in-fact; (2) staying pro-

---

**1.** It is unclear from the briefs when actual notice was given, but it is undisputed that it was subsequent to November 3, 1988, the date notice was mailed.

**2.** It is unclear from the briefs when actual notice was given, but it is undisputed that it was subsequent to November 25, 1988, the date notice was mailed.

**3.** Section 9612(a), the notice provision for section 9607 suits, requires notice only for claims against Superfund.

**4.** The Tenth Circuit has not ruled on this issue.

ceedings until the notice time had run; or (3) finding notice was procedural rather than jurisdictional. *Proffitt v. Commissioners,* 754 · F.2d 504, 506 (3rd Cir.1985) (Federal Water Pollution Control Act ("FWPCA"), and RCRA); *Hempstead County & Nev. County Project v. U.S.E. P.A.,* 700 F.2d 459, 463 & n. 5 (8th Cir.1983) (RCRA); *Susquehanna Valley Alliance v. Three Mile Island Nuclear Reactor,* 619 F.2d 231, 243 (3rd Cir.1980), *cert. denied,* 449 U.S. 1096, 101 S.Ct. 893, 66 L.Ed.2d 824 (1981) (National Environmental Policy Act); *Natural Resources Defense Council, Inc. v. Callaway,* 524 F.2d 79, 83–84 (2nd Cir. 1975) (FWPCA); *Natural Resources Defense Council, Inc. v. Train,* 510 F.2d 692, 703 (D.C.Cir.1974) (Clean Air Act).

However, four other circuits have narrowly construed notice provisions of environmental statutes. These circuits have adopted the jurisdictional prerequisite doctrine, and have found a lack of subject matter jurisdiction when no pre-suit notice was given. *Hallstrom v. Tillamook County,* 844 F.2d 598, 599–601 (9th Cir. 1987) (RCRA); *Garcia v. Cecos Int'l, Inc.,* 761 F.2d 76, 79 (1st Cir.1985) (RCRA); *Walls v. Waste Resources Corp.,* 761 F.2d 311, 316 (6th Cir.1985) (RCRA and FWPCA); *City of Highland Park v. Train,* 519 F.2d 681, 690–91 (7th Cir.1975), *cert. denied,* 424 U.S. 927, 96 S.Ct. 1141, 47 L.Ed.2d 337 (1976) (Clean Air Act); *see generally,* Annotation, *Relief Available In Citizen's Suits Under 42 U.S.C.S. § 6972 For Violation Of Federal Requirements Relating To Solid Or Hazardous Waste,* 71 A.L.R. Fed. 181 & Supp. 4 (1985 & Supp.1988).

■ The Court believes the jurisdictional prerequisite doctrine is the better view, as well as the trend.[5] This doctrine is also consistent with the Supreme Court's guidance in this area of environmental litigation. *Cf. Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n.,* 453 U.S. 1, 18, 101 S.Ct. 2615, 2625, 69

L.Ed.2d 435 (1981) (implication that water pollution enforcement statute is to be narrowly construed). The jurisdictional prerequisite doctrine is also supported by the legislative history of CERCLA. Regarding the citizen suit amendment, section 9659, the House Public Works and Transportation Committee stated as follows:

The conditions placed on such suits are intended to assure that they will complement, and not interfere with, Federal regulatory and enforcement programs. Citizen suits under these amendments may only be initiated 90 days [later reduced to 60] after the citizen has notified the President, the State in which the alleged violation occurred, and the alleged violator. If the United States or a State has commenced and is diligently prosecuting an action under this Act or the Solid Waste Disposal Act, an action under the new provision cannot be filed. It is recognized that 90 days is not sufficient time for the Agency to conduct all studies necessary to initiate an enforcement action. Nevertheless, based on current experience, this should provide enough time for the Agency to conduct an investigation satisfactory to the private parties, so the EPA and the private parties should be able to work out a mutually acceptable way to proceed.

A determination as to whether the Administrator or a State "has commenced and is diligently prosecuting" an action is, by necessity, a case-by-case determination. "Commencement" of an action generally means having actually filed suit or having issued an administrative order. An action has not been "commenced" in a case that is merely under investigation or a case where only notice or warning letters have been sent.

SENATE ENV'T & PUB. WORKS COMM. R. NO. 99–11, S.R. No. 51, *reported in,* 1 *SARA* at 206–30.

---

**5.** *See* Note, *Notice By Citizen Plaintiffs In Environmental Litigation,* 79 Mich.L.Rev. 299, 306 (1980) (The notice provision was "a compromise between the need for private enforcement and a desire not to impose excessive burdens on the EPA or the federal courts."); Steinberg, *Is The Citizen Suit A Substitute For Class Action In Environmental Litigation?,* 12 San Diego L.J. 107, 130–32 (1974).

Accordingly, the Court adopts the jurisdictional prerequisite doctrine.[6] In reaching this decision, however, the Court believes it should discuss the First Circuit's misleading dictum in *Dedham Water Company v. Cumberland Farms Dairy, Inc.,* 805 F.2d 1074 (1st Cir.1986), a case which held that private claimants need only provide sixty (60) days notice when making claims against the Superfund, and not when private actions are brought against violators under section 9607. In that decision, the following dictum appears:

> As we neared completion of this opinion, we learned that Congress has recently amended section 112(a) as part of the "Superfund Amendments and Reauthorization Act of 1986," Pub.L. No. 99–499, 100 Stat. 1613 (1986). Although we confine our analysis to the original statutory language of section 112(a), we are satisfied that the new language and accompanying legislative history support the result we reach today ... This amendment is consistent with our holding today that *CERCLA plaintiffs should not be required to provide 60–days notice unless bringing a claim against the Fund.*

*Id.* at 1075 n. 1 & 1077 n. 6 (dictum) (emphasis supplied). The First Circuit made no mention of section 9659 and may have simply overlooked that section in its review of the numerous amendments to CERCLA. The First Circuit's conclusion, drawn from CERCLA's legislative history, that no sixty (60) day notice was intended for private causes of action, appears to have been misplaced. The legislative history relied on by the First Circuit apparently stood for the proposition that there was a need for notice in citizens suits as none existed prior to SARA. *Dedham Water Co. v. Cumberland Farm Dairy, Inc.,* 805 F.2d at 1081. That need was filled by 42 U.S.C. § 9659 (1986).

■ In the instant case the Roes filed their Complaint on October 20, 1988, but did not mail notice until November 25, 1988. Actual notice was some time later. Obviously the Roes did not give the sixty (60) days pre-suit notice mandated by CERCLA. 42 U.S.C. § 9659(d)(1); *Thompson v. Thomas,* 680 F.Supp. 1, 3 (D.D.C. 1987). This Court rejects the Roes' argument that notice-in-fact saves jurisdiction. *See, e.g., Walls v. Waste Resource Corp.,* 761 F.2d at 317. Therefore, this Court does not have subject-matter jurisdiction over this suit, and defendants' motions to dismiss the CERCLA claim are GRANTED.[7]

### B. *The RCRA Claim:*

■ In view of this Court's conclusion that it has been without subject-matter jurisdiction since the Complaint was filed, this Court must reconsider its bench ruling at the hearing on January 3, 1989. The Court ruled that the Roes' motion to amend their Complaint to add a RCRA cause of action should be granted. The Court now finds that it did not have jurisdiction to grant leave to amend.

■ Moreover, in the instant case there was no pre-suit RCRA notice. RCRA re-

**6.** Three jurisdictional prerequisite circuits appear to have held that pre-suit notice is not required for CERCLA citizens suits. *Dedham Water Co. v. Cumberland Farms Dairy, Inc.,* 805 F.2d 1074, 1082 (1st Cir.1986), *rev'g* 643 F.Supp. 667 (D.Mass.1986); *Walls v. Waste Resource Corp.,* 823 F.2d 977, 981 (6th Cir.1987); *Idaho v. Howmet Turbine Component Co.,* 814 F.2d 1376, 1379 (9th Cir.1987). These cases, however, have been superseded by SARA.

The complaints in these cases were filed before the effective date of section 9659, and the circuits construed the notice language of section 9612(a) to apply only to claims against the Superfund and not to private actions against violators under section 9607. However, this Court believes that these holdings are now superseded by the amended statute, 42 U.S.C. § 9659 (1986).

This Court finds that the Legislature's amendment of the citizen suit under section 9659 supersedes the private cause of action under section 9607(a)(4)(B), which was originally recognized in *Walls v. Waste Resource Corp.,* 761 F.2d at 317–18. When two statutes unavoidably conflict and cannot be reasonably interpreted to effectuate the provisions of both, the statute enacted most recently controls. *See Travelers Ins. Co. v. Panama–Williams, Inc.,* 597 F.2d 702, 704 (10th Cir.1979).

**7.** Because plaintiffs' federal claims have been dismissed, the Court finds that plaintiffs' pendent state claims should be dismissed as well. *See Casey v. Continental Airlines, Inc.,* 823 F.2d 1402 (10th Cir.1987).

quires actual pre-suit notification even in the case of hazardous substances. 42 U.S. C. § 6972(b)(1)(A) ("such action may be brought immediately *after such notification* ...") (emphasis supplied). This stance may appear to be a formalistic technicality, and it is tempting in the environmental arena to permit an improvidently-begun lawsuit such as this one to proceed. However, this Court believes its duty is to follow the clear, unambiguous letter of the law, rather than to circumvent it through result-oriented jurisprudence. This Court's task is a narrow one—to interpret the laws enacted by Congress, not to legislate on its own. Accordingly, the January 3, 1989 bench ruling that granted the Roes' leave to amend their Complaint is VACATED, and the application is DENIED.

## VI. COSTS

 Defendants have requested costs for this action pursuant to 42 U.S.C. § 9659(f) ("The court ... *may* award costs ... [when] appropriate." (emphasis supplied)). After careful deliberation the Court finds that costs, awarded to defendants in environmental suits, are discretionary but should be awarded when frivolous suits are brought. The Court is persuaded by the legislative history in this regard:

> [Section 9659(f)] authorizes the court to award costs of litigation (including reasonable attorney and expert witness fees) to the prevailing or substantially prevailing party or parties. As with similar provisions in other environmental citizens suit laws, this will encourage private enforcement by allowing such awards to private plaintiffs where the court determines that the bringing of the action was in the public interest, while discouraging frivolous suits by allowing costs to be awarded to defendants in appropriate cases....

SENATE ENV'T & PUBLIC WORKS COMM. R. NO. 99–11, S.R. No. 51, *reported in*, 1 *SARA* at 206–30.

However, there has been no showing, nor even allegation, that this action was frivolous. Moreover, confusion by plaintiffs' counsel concerning CERCLA and RCRA

notice is mitigated somewhat by the myriad of statutes and conflicting court decisions involved. Accordingly, defendants' request for costs is DENIED.

## VII. CONCLUSION

Accordingly, the defendants' motions to dismiss are GRANTED; and the January 3, 1989 bench ruling regarding the Roes' motion for leave to amend their complaint is VACATED, and that application is DENIED. Defendants' request for costs is DENIED.

IT IS SO ORDERED.