881 F.2d 814
 50 Fair Empl.Prac.Cas. 873,
51 Empl. Prac. Dec. P 39,247
Robert WESTON, and all others similarly situated, Plaintiff-Appellant,
v.
LOCKHEED MISSILES & SPACE CO., Defendant,
Dept. of Defense, Defendant-Appellee.
 No. 87-1663.
 United States Court of Appeals,
Ninth Circuit.
 Argued Jan. 11, 1988.
Submitted April 24, 1989.
Decided Aug. 8, 1989.
 
 Richard Gayer, San Francisco, Cal., for plaintiff-appellant.
 Freddi Lipstein, Asst. U.S. Atty., Civ. Div., Dept. of Justice, Washington, D.C., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of California.
 Before NOONAN and THOMPSON, Circuit Judges, and KELLEHER, Senior District Judge.*
 DAVID R. THOMPSON, Circuit Judge:
 
 
 1
 Robert Weston appeals the district court's dismissal of his action against the Department of Defense. Weston contends the district court erred in ruling that his claims were moot and that the Department of Defense had not violated his constitutional rights.
 
 
 2
 We do not reach the merits of the district court's dismissal order but affirm, because Weston has failed to appeal an independent and adequate ground for the challenged order.
 
 FACTS
 
 3
 Robert Weston is an openly homosexual man employed by Lockheed Missiles and Space Company ("Lockheed"). In November 1984, Weston filed an application with Lockheed for a type of security clearance which Lockheed employees must obtain to be eligible to work on classified projects for the Department of Defense (the "Department"). On his application, Weston stated he was a member of an organization called Lesbian and Gay Associated Engineers and Scientists. Lockheed never submitted Weston's application, acting on "classified written and oral guidance from the government" that it believed required non-submittal of applications revealing "evidence of homosexuality."
 
 
 4
 When Weston failed to receive a clearance and was unable to learn of the reason for that failure, he sued Lockheed, subsequently amending his complaint to add the Department and Secretary of Defense as defendants. Weston alleged that Lockheed's refusal to submit his application, and the Department's "secret guidelines" under which Lockheed made the non-submittal decision deprived him of numerous constitutional and state law rights, including his right to procedural due process.
 
 
 5
 In May 1986, the Department and Secretary of Defense filed a motion to dismiss the action alleging that Weston's claims were moot and alternatively, that the action could not be litigated without disclosing protected state and military secrets. After a hearing, the district court granted the motion to dismiss the federal defendants. In its dismissal order, the district court found that: (1) because the government never received Weston's application, "as a matter of law, the Federal Defendants did not violate a duty owed to Weston arising from the application in question"; (2) Weston had failed to plead any acts by the government which implicated his due process rights; (3) because the Department had clarified its policy regarding submission of clearance applications, Weston's challenge to the guidelines was moot; and (4) the government had properly asserted the military and state secrets privilege. Subsequently, the district court dismissed Weston's claims against Lockheed. Weston appeals only the district court's dismissal of his claims against the Department of Defense. We have jurisdiction under 28 U.S.C. Sec. 1291.
 
 ANALYSIS
 
 6
 By his appeal, Weston challenges the district court's rulings that his claims were moot and that the Department of Defense did not deny him due process. Weston explicitly states that he does not appeal the district court's ruling on the military and state secrets privilege "since it is not material to mootness and due process." His opening brief contains no discussion or argument on this aspect of the district court's order. The government's appellate brief, however, extensively discusses the merits of the district court's state secret privilege ruling. Weston, in his reply brief, merely asserts that the government has misstated this issue on appeal and has devoted "over 19 irrelevant pages to the state secrets privilege." Weston maintains that "the privilege was merely held to have been 'properly asserted' and was not relied upon to grant the DOD's Motion to Dismiss."
 
 
 7
 We disagree. The district court order plainly reflects that the state secret privilege ruling was a separate ground for the dismissal order, independent of the due process and mootness issues Weston argues on appeal. The government asserted the privilege in its motion to dismiss as one of two alternative grounds for dismissal. It argued that the entire action was barred because further litigation would inevitably lead to disclosure of privileged information. The district court reviewed in camera the secret material the government contended would inevitably have to be disclosed if the case were litigated. In its dismissal order, the district court found that "the Federal Defendants have properly asserted the military and state secrets privilege to the extent that it applies to the Federal Defendants," and that "the asserted military and state secrets privilege may be compromised by the continuing litigation in this matter." Contrary to Weston's assertion at oral argument, the state secrets privilege alone can be the basis for dismissal of an entire case. See, e.g., Fitzgerald v. Penthouse Int'l, 776 F.2d 1236, 1241-42 (4th Cir.1985).
 
 
 8
 Because of Weston's refusal to address the issue of the military and state secret privilege, we deem that issue abandoned. See, e.g., Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988). We express no opinion on the correctness of the district court's conclusion that the state secret privilege warranted dismissal of Weston's claims against the government. That conclusion, however, stands unchallenged in this appeal, and it provides an adequate, independent ground for the district court's dismissal order.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Honorable Robert J. Kelleher, United States Senior District Judge for the Central District of California, sitting by designation