992 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry M. TURNER, Plaintiff-Appellant,
v.
John WAIHEE, et al., Defendants-Appellees.
 No. 92-16188.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided April 30, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terry M. Turner, a Hawaii state prisoner, appeals pro se from the district court's award of summary judgment in favor of the defendants in his civil rights action. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Appellant is a prisoner housed in the Halawa High Security Facility in Hawaii. He brought this civil rights action against state and prison officials, alleging that they had violated his Eighth and Fourteenth Amendment rights and state law by failing to provide him with correctional, educational or vocational training.[1] The district court adopted the magistrate-judge's findings and recommendation and granted summary judgment to the defendants.
 
 
 4
 This court reviews an award of summary judgment de novo. See Hutchinson v. United States, 838 F.2d 390, 392 (9th Cir.1988). Summary judgment is proper when there are no genuine issues as to any material fact. Fed.R.Civ.P. 56(c). There is no genuine issue of material fact when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Because appellees have assumed, arguendo, for the purposes of this appeal that appellant has received no correctional or rehabilitative programming, the facts are not disputed in this action.
 
 
 5
 The magistrate found that the substance of appellant's claims were barred by the doctrines of res judicata and collateral estoppel because they had formed the basis for similar claims by appellant in prior litigation. The magistrate further found that appellant had no constitutional right to correctional programming in prison, that state law did not create a constitutionally protected liberty interest in such programming, that the district court lacked jurisdiction to force state authorities to enforce state law, and that the defendants were immune from suit.
 
 
 6
 We need not reach the issue of whether res judicata and collateral estoppel barred appellant's claims because we affirm on the alternative, independent grounds relied on by the district court. See Weston v. Lockheed Missiles and Space Co., 881 F.2d 814, 815 (9th Cir.1989).
 
 
 7
 Appellant argues that his due process rights under the Fourteenth Amendment to the United States Constitution were violated by appellees' failure to provide him with correctional programming. We disagree. It is well settled that prisoners have no constitutional right to correctional or rehabilitative programming in prison. See Hoptowit v. Ray, 682 F.2d 1237, 1255 n. 8 (9th Cir.1982). Similarly, courts have long recognized that denial of such programming does not violate a prisoner's right to be free from cruel and unusual punishment under the Eighth Amendment. See id. at 1255.
 
 
 8
 While state law or prison regulations could create a protected liberty interest in rehabilitative programming under the Fourteenth Amendment, see Toussaint v. McCarthy, 801 F.2d 1080, 1089 (9th Cir.1986), no such interest is created unless the statute or regulation at issue mandates such services and provides specific substantive standards and guidelines for the provision of such services. See Hewitt v. Helms, 459 U.S. 460, 472 (1983).
 
 
 9
 The magistrate-judge did not err in finding that the Hawaii statute relied on by appellant contains no such guidelines. See Haw.Rev.Stat. § 353-7. The statute merely provides that high security facilities must provide correctional programming and certain training and social adjustment programs. The statute does not attempt to direct prison officials to provide specific programs to specific prison populations at specific times or in specific facilities. Consequently, no federally protected liberty interest in receiving correctional programming was created by state law.[2]
 
 
 10
 While appellant may be able to state valid claims against the prison officials for violation of his rights under state law, the district court was without jurisdiction to enforce state law in an action against state officials. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984). Consequently, judgment against appellant on all state law claims was proper.
 
 
 11
 Finally, the magistrate-judge did not err in finding that the defendants below were immune from suit in both their official and individual capacities. See Kentucky v. Graham, 473 U.S. 159, 169 n. 17 (1985) (sovereign immunity under Eleventh Amendment protects state officials from suit in official capacity); Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982) (qualified immunity protects officials from suit in individual capacity where they did not act beyond official discretion and did not know that their actions violated the constitutional rights of the plaintiff).
 
 
 12
 Because appellant has no constitutionally protected right to correctional or rehabilitative programming, and federal courts lack jurisdiction to enforce state law, and because defendants are immune from suit, the district court's order granting defendants' summary judgment motion is affirmed.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant originally filed the complaint on behalf of a class of plaintiffs, but no class was certified and the other named plaintiffs never appeared below. Because only appellant Turner signed the notice of appeal, we will review the district court's judgment only as it relates to him. See McKinney v. DeBord, 507 F.2d 501 (9th Cir.1974) (pro se appellants must personally sign notice of appeal)
 
 
 [2]
 In addition to section 353-7, appellant relied on various state regulations and the state Administrative Procedures Act in his amended complaint. As each of these provisions are even less specific or mandatory than section 353-7, none of these laws or regulations support appellant's claims regarding the creation of a federally protected liberty interest in rehabilitative programming