992 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry M. TURNER, Plaintiff-Appellant,
v.
Solomon AKINS, et al., Defendants-Appellees.
 No. 92-16357.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided April 30, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terry M. Turner, a Hawaii state prisoner, appeals pro se from the district court's order dismissing his civil rights action against prison officials pursuant to 28 U.S.C. § 1915(d). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Appellant brought an action in the district court under 42 U.S.C. § 1983 against a fellow inmate and three prison officials, seeking damages for the officials' failure to protect him from an attack by the inmate. The district court dismissed the inmate as a party because the complaint did not allege that he acted under color of state law. Appellant filed an amended complaint, omitting the inmate as a party and adding two state law claims.
 
 
 4
 The magistrate-judge granted appellant's motion for leave to file the complaint in forma pauperis and ordered service on behalf of appellant. The magistrate-judge subsequently sua sponte issued a report and recommendation that the complaint be dismissed as barred by the doctrine of res judicata. The magistrate-judge then issued supplemental findings, recommending that the complaint also be dismissed as frivolous, pursuant to 28 U.S.C. § 1915(d). The district court, upon consideration of appellant's objections to the recommendations, adopted the findings and dismissed the action.
 
 
 5
 Appellant argues that the district court erred in adopting the magistrate-judge's findings with respect to the application of res judicata to this action because the magistrate-judge relied on other actions filed by appellant against different defendants, which arose out of different attacks by different inmates. The magistrate-judge found that appellant has demonstrated a pattern of litigation in which he gets into a fight with other inmates and then sues the prison officials for failing to place him in protective custody. See e.g., Turner v. Price, 936 F.2d 580 (9th Cir.1991) (Table, Text in Westlaw). Appellant does not deny that this same issue has been litigated before in his prior actions. The doctrine of collateral estoppel prevents a party from relitigating the same issue, even if the defendants or the particular facts may be different. See, e.g., Pena v. Gardner, 976 F.2d 469, 472 (9th Cir.1992).
 
 
 6
 In any event, this court may affirm the district court on any ground finding support in the record. See Weston v. Lockheed Missiles & Space Co., 881 F.2d 814, 815 (9th Cir.1989). The district court also dismissed the complaint as frivolous under 28 U.S.C. § 1915(d). We review such a dismissal for an abuse of discretion. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint is frivolous under section 1915(d) if it lacks any arguable basis in fact or law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). The district court may rely on known facts outside of the immediate record to establish frivolity. Denton v. Hernandez, 112 S.Ct. at 1733.
 
 
 7
 Appellant's complaint alleges that he was involved in a fight with another inmate, that he told the defendant officials about the fight and his concern about the inmate's sanity, that the officials did not separate him from the inmate, and that he was attacked again one month after the first fight.
 
 
 8
 Prison officials have been granted wide latitude in the running of prisons and the placement of prisoners. See Hewitt v. Helm, 459 U.S. 460, 474 (1983), Bell v. Wolfish, 441 U.S. 520, 547 (1979). To establish a constitutional violation against prison officials under 42 U.S.C. § 1983 for damages for failure to prevent a fight with an inmate, appellant must demonstrate that the officials were deliberately indifferent to the probability that appellant's personal safety was at serious risk. See Berg v. Kincheloe, 794 F.2d 457, 460 (9th Cir.1986).
 
 
 9
 Appellant's bare and conclusory allegations that he told the officials about the first fight and that he expressed concern about the inmate's sanity do not begin to rise to the level of establishing deliberate indifference to his safety. Appellant's complaint did not provide details as to the cause of the fights or the identity of the initiator, or the extent of his injuries. It did not provide details of his own aggressive history or his past requests for and award of protective segregation.
 
 
 10
 As the magistrate-judge explained in describing the long history of appellant's abusive use of the federal courts, appellant himself has evidenced aggressive tendencies which have been the basis for separating him from other inmates for their protection, and appellant has a history of filing frivolous litigation arising out of the numerous fights in which he has been involved.
 
 
 11
 Appellant argues that the district court erred in dismissing his state claims for negligence and violation of the prison's own procedures. We disagree. Upon the dismissal of appellant's federal claim under section 1983, the district court had broad discretion to dismiss all pendent state claims. See Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988). See also, Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984) (district court lacked jurisdiction to force state defendants to enforce state law).
 
 
 12
 Finally, appellant argues that the district court erred in vacating the default judgment entered against the defendants upon their failure to answer the complaint in a timely manner. We find that the district court did not abuse its discretion in finding good cause for defendants' counsel's failure to file a timely answer. See Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir.1987).
 
 
 13
 Because we find that the magistrate-judge did not abuse his discretion with respect to findings as to the frivolity of the amended complaint, we affirm the district court's order adopting those findings.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3