19 F.3d 1441
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rickey Leon SCOTT, Plaintiff-Appellant,
v.
CALIFORNIA STATE LOTTO, et al., Defendants-Appellees.
 No. 93-17255.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 18, 1994.
 
 Before: FLETCHER, BRUNETTI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rickey Leon Scott, a pro se prisoner, appeals from the district court's dismissal with prejudice of his complaint against the California State Lottery and its officials. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and we affirm.[1]
 
 
 3
 Appellant filed this action against the California Lottery Commission and its agents pursuant to 42 U.S.C. Sec. 1983, alleging corrupt business practices and violations of the Securities and Exchange Act based on appellees' failure to honor his $25,000 claim in 1989.[2]
 
 
 4
 The district court, finding that appellant is indigent, granted appellant's request for leave to proceed in forma pauperis. See Franklin v. Murphy, 745 F.2d 1221, 1226-27 n. 5 (9th Cir.1984). The court then found that the complaint was frivolous because the defendants were absolutely immune from suit under the Eleventh Amendment and dismissed the complaint without prejudice pursuant to 28 U.S.C. Sec. 1915(d), permitting appellant to amend his complaint to cure the deficiencies. Upon review of the amended complaint, the district court dismissed the action with prejudice.
 
 
 5
 This court reviews the dismissal of a complaint pursuant to 28 U.S.C. Sec. 1915(d) for an abuse of discretion. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint is frivolous for purposes of dismissal under section 1915(d) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 6
 Appellant's action for damages against a state agency or its officials acting in their official capacity is barred by the Eleventh Amendment to the U.S. Constitution, absent consent by the state to the suit.[3] See Edelman v. Jordan, 415 U.S. 651, 662, reh. den. 416 U.S. 1000 (1974). The absolute immunity provided to state agencies and officials under that amendment is not limited or abrogated by 42 U.S.C. Sec. 1983. Quern v. Jordan, 440 U.S. 332, 341 (1979).
 
 
 7
 While the Eleventh Amendment does not bar an action for damages against state officials acting in their individual capacities, see Edelman, 415 U.S. at 663, appellant's complaints do not allege any facts or circumstances from which to infer such a claim. The complaints merely assert that the officials refused to honor his claim and that they have not responded to his inquiries. Appellant's complaints, liberally construed, do not set forth any basis for a claim that the officials were acting in their individual capacity.
 
 
 8
 Even if appellant's complaints could be construed to assert an individual capacity claim, this court would affirm the district court's dismissal. See Weston v. Lockheed Missiles & Space Co., 881 F.2d 814, 815 (9th Cir.1989) (appellate court can affirm on any ground in record). The complaints allege only the violation of section 10(b)(5) of the Securities and Exchange Act, which does not provide a private right of action. See In re Verifone Securities Litig., 11 F.3d 865, 870 (9th Cir.1993). All subsequent grounds for relief, raised for the first time in appellant's motions for reconsideration of the judgment, were properly rejected by the district court. See Hinton v. Pacific Enterprises, 5 F.3d 391, 394-95 (9th Cir.1993) (arguments raised for the first time in motion for reconsideration properly rejected where such arguments could have been raised prior to judgment).
 
 
 9
 The district court did not abuse its discretion in dismissing the amended complaint with prejudice under 28 U.S.C. Sec. 1915(d) and rejecting the motions for reconsideration. Accordingly, the judgment of the district court is affirmed.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the notice of appeal was not filed within 30 days from entry of the judgment as required by Fed.R.App.P. 4(a)(1), this court has jurisdiction to review the judgment because appellant's timely tolling motions for reconsideration were rejected by the district court. See Fed.R.App.P. 4(a)(4)
 
 
 [2]
 The complaint and amended complaint raise only vague assertions regarding the violation of section 10(b)(5) of the Securities and Exchange Act. In his motions for reconsideration below and his opening brief on appeal, appellant raises for the first time allegations regarding violations of the Racketeer Influenced and Corrupt Organizations Act and the False Claims Act
 
 
 [3]
 To the extent that appellant seeks injunctive relief in his complaint, it is based on the state officials' purported refusal to comply with state laws and regulations. Federal courts lack the authority to require state officials to comply with state law. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 105-06 (1984)