RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0183P (6th Cir.)
File Name: 04a0183p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

DAVID AARON TENENBAUM;
MADELINE GAIL TENENBAUM,
*Plaintiffs-Appellants,*

v.

JOHN SIMONINI, Lt. Col.;
ALBERT D. SNYDER; MARK P.
YOURCHOCK; ROBERT M.
RILEY, Individually and in
their Representative
Capacities as Employees for
the Various Federal Agencies
that Employ Them; and the
UNITED STATES OF AMERICA,
*Defendants-Appellees.*

No. 02-2297

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 98-74473—Robert H. Cleland, District Judge.

Argued: February 6, 2004

---

Decided and Filed: May 19, 2004[*]

Before: BATCHELDER, GIBBONS, and COOK, Circuit
Judges.

---

### COUNSEL

**ARGUED:** Jason R. Hirsch, MORGANROTH &
MORGANROTH, Southfield, Michigan, for Appellants.
Peter A. Caplan, ASSISTANT UNITED STATES
ATTORNEY, Detroit, Michigan, for Appellees. **ON BRIEF:**
Mayer Morganroth, Jeffrey B. Morganroth, Daniel E. Harold,
MORGANROTH & MORGANROTH, Southfield, Michigan,
for Appellants. Peter A. Caplan, ASSISTANT UNITED
STATES ATTORNEY, Detroit, Michigan, for Appellees.

---

### OPINION

---

COOK, Circuit Judge. Plaintiffs-Appellants David
Tenenbaum and his wife sued various federal agency
employees and the United States, alleging that Defendants
conducted a criminal espionage investigation of Tenenbaum
solely because he is Jewish. The district court granted
Defendants' summary judgment motion, accepting their
argument that they could not defend themselves against
Tenenbaum's claims without disclosing information protected
by the state secrets doctrine. The Tenenbaums challenge the
summary judgment ruling, contending that (1) disclosure of
the privileged material is not critical to defending against
their religious discrimination case, and (2) the district court

---

[*] This decision was originally issued as an "unpublished opinion"
filed on May 19, 2004. On June 4, 2004, the court designated the opinion
as one recommended for full-text publication.

should have allowed the case to proceed by employing evidentiary controls to protect the privileged material. We affirm.

We review the district court's grant of summary judgment de novo, *Stephenson v. Allstate Ins. Co.*, 328 F.3d 822, 826 (6th Cir. 2003), while according the government's assertion of the state secrets doctrine considerable deference, *Ellsberg v. Mitchell*, 709 F.2d 51, 58 (D.C. Cir. 1983).

Having reviewed the materials Defendants produced under seal, we agree with the district court that the state secrets doctrine applies because a reasonable danger exists that disclosing the information in court proceedings would harm national security interests, or would impair national defense capabilities, disclose intelligence-gathering methods or capabilities, or disrupt diplomatic relations with foreign governments. *Ellsberg*, 709 F.2d at 56-57; *United States v. Reynolds*, 345 U.S. 1, 10 (1953) (holding that courts may accept the government's assertion of the state secrets privilege if they are satisfied that there is a "reasonable danger" that disclosing the evidence will expose information that "in the interest of national security, should not be divulged.").

We further conclude that Defendants cannot defend their conduct with respect to Tenenbaum without revealing the privileged information. Because the state secrets doctrine thus deprives Defendants of a valid defense to the Tenenbaums' claims, we find that the district court properly dismissed the claims. *Kasza v. Browner*, 133 F.3d 1159, 1166 (9th Cir. 1998) ("[I]f the privilege deprives the defendant of information that would otherwise give the defendant a valid defense to the claim, then the court may grant summary judgment to the defendant." (citation and internal quotation marks omitted)); *see also Totten v. United States*, 92 U.S. 105, 107 (1875) ("[P]ublic policy forbids the maintenance of any suit in a court of justice, the trial of which would inevitably lead to the disclosure of matters which the

law itself regards as confidential, and respecting which it will not allow the confidence to be violated."); *Weston v. Lockheed Missiles & Space, Co.*, 881 F.2d 814, 816 (9th Cir. 1989) (recognizing that the state secrets doctrine alone can be the basis for dismissal of an entire case); *Molerio v. FBI*, 749 F.2d 815, 825 (D.C. Cir. 1984) (stating that if the state secrets privilege so hampers the defendant in establishing a valid defense that the trier of fact is likely to reach an erroneous conclusion, dismissal is appropriate).

We therefore affirm the district court's grant of summary judgment in favor of Defendants.