MEMORANDUM[2]
The parents of C.S., a minor, appeal from the decision of the district court in favor of the Riverside Unified School District (“RUSD”) and the Desert Sands Unified School District (“DSUSD”).[3] C.S. is an autistic child who sought special education and related services through RUSD under the Individuals with Disabilities Education Act (“IDEA”), 20 U.S.C. §§ MOO-1482. An administrative due process hearing was held before the Office of Administrative Hearings, Special Education Division, State of California. Asserting that the school district denied C.S. a free appropriate public education (“FAPE”), C.S. requested reimbursement for placement in a private program, the Lovaas Institute for Early Intervention (“LIFE”), and an independent educational evaluation (“IEE”) paid for by the parents. RUSD contended it had not denied C.S. a FAPE. After a week-long evidentiary hearing, in *631 a thorough and careful sixteen-page decision, the Administrative Law Judge (“ALJ”) found in favor of the school district on all issues. The matter was submitted to the district court on the administrative record and the briefing of the parties, which affirmed the decision of the ALJ. The balance of the facts are well known to the parties and, therefore, will not be restated here.
The district court had jurisdiction under 28 U.S.C. § 1331 and 20 U.S.C. § 1415(i)(3). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
“We review the district court’s findings of fact for clear error even when they are based on the written record of administrative proceedings.” N.B. v. Hellgate Elementary Sch. Dist., 541 F.3d 1202, 1207 (9th Cir.2008). “Questions of law and mixed questions of fact and law are reviewed de novo, unless the mixed question is primarily factual.” Id. In IDEA cases, we defer to the specialized knowledge and experience of the states’ administrative bodies by giving due deference to their decisions. Amanda J. ex rel. Annette J. v. Clark County Sch. Dist., 267 F.3d 877, 888 (9th Cir.2001). The award or denial of compensatory damages is reviewed for an abuse of discretion. Park ex rel. Park v. Anaheim Union High Sch. Dist., 464 F.3d 1025, 1033 (9th Cir.2006).
C.S. presents three issues on appeal: (1) RUSD did not fully and appropriately assess C.S. in 2005; (2) RUSD’s failure to make a formal written offer of placement at the July 14, 2005, Individual Education Program (“IEP”) meeting denied C.S. a FAPE; and (3) C.S. is entitled to reimbursement for Dr. Lenington’s IEE and the expenses for the LIFE program provided to C.S. for the period July 14, 2005, through May 5, 2006.
We find it is unnecessary to address the first two issues because, even assuming RUSD denied C.S. a FAPE, C.S. is not entitled to the only relief requested — reimbursement for the LIFE program and the IEE.

I. Reimbursement for LIFE Program.

Because C.S. never received special education and related services under the authority of a public agency, the award of compensation for placement in a private school is not authorized under 20 U.S.C. § 1412(a)(10)(C). Forest Grove Sch. Dist v. T.A., 523 F.3d 1078, 1086-88 (9th Cir.2008), cert, granted, — U.S. --, 129 S.Ct. 987, 173 L.Ed.2d 171 (2009) (Mem.). Relief may, however, be available under 20 U.S.C. § 1415(i)(2)(C). Id:[4] The ALJ found C.S. was not entitled to reimbursement for the LIFE program because his parents did not give RUSD the opportunity to make a formal offer of placement. Having reviewed the conduct of both parties, see id. at 1088-89, we have determined that the denial of compensatory reimbursement under § 1415(i)(2)(C) for the expenditure by the parents for the LIFE program did not constitute an abuse of discretion.

II. Reimbursement for Dr. Lenington’s Services.

Contrary to the requirements of 34 C.F.R. § 300.502(b), the request for reimbursement for the IEE was made before receiving an assessment from RUSD and after obtaining the IEE. Furthermore, the ALJ found that the RUSD evaluation was not inadequate. See Ford ex rel. Ford v. Long Beach Unified Sch. Dist., 291 F.3d *632 1086, 1090 (9th Cir.2002). Denial of compensatory reimbursement for the IEE prepared by Dr. Lenington was not an abuse of discretion.
AFFIRMED.

. This disposition is not appropriate for publication and may not be cited to or by courts of this circuit except as provided by Ninth Circuit Rule 36-3.

.In his opening brief C.S. presents no issues or arguments addressing the judgment in favor of Desert Sands Unified School District. Consequently, we deem the appeal from the judgment in favor of DSUSD abandoned and summarily affirm. See Greenwood v. FAA, 28 F.3d 971, 977 (9th Cir.1994); Weston v. Lockheed Missiles & Space Co., 881 F.2d 814, 816 (9th Cir.1989).

. We note that the Supreme Court granted certiorari on the issue of whether reimbursement is authorized under § 1415(i)(2)(C). Given our holding, the decision of the Supreme Court will not affect the outcome in this case.