NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0774n.06

Case No. 09-1992

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Dec 20, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| DAVID AARON TENENBAUM and MADELINE GAIL TENENBAUM, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| UNITED STATES DEPARTMENT OF DEFENSE, et al., | ) ) ) | |
| Defendants-Appellees. | ) ) ) | |

BEFORE:  BATCHELDER, Chief Judge; MOORE and COLE, Circuit Judges.

**ALICE M. BATCHELDER, Chief Judge.**   David and Madeline Tenenbaum (the "Tenenbaums") appeal the district court's dismissal of their lawsuit, filed pursuant to 42 U.S.C. § 1983, against Appellees, various government officials and entities who, the Tenenbaums claim, deprived them of their constitutional right to access the courts when Appellees allegedly filed false affidavits asserting the state-secrets privilege.  Invocation of that privilege led to the dismissal of a prior § 1983 lawsuit brought by the Tenenbaums.  Because we find that the Tenenbaums are collaterally estopped from relitigating the district court's application of the state-secrets doctrine in the prior case, we AFFIRM the judgment of the district court.

**BACKGROUND**

Mr. Tenenbaum is a civilian employee of the United States Army Automotive Armaments Command ("TACOM") who, from February 1997, to February 1998, was subjected to an intense and

intrusive investigation (the "Investigation") into allegations that he had revealed classified information to the Israeli government. On October 14, 1998, the Tenenbaums filed their first lawsuit (the "1998 Lawsuit") against certain of the present defendants (the "1998 Defendants") for violation of their civil rights in connection with the Investigation. The 1998 Defendants moved for dismissal, claiming that they would be unable to mount a defense to the Tenenbaums' claims because the evidence necessary to their defense comprised state secrets.

In connection with their motion to dismiss, the 1998 Defendants submitted two sealed briefs, along with a large volume of sealed documents supporting the state-secrets claim, and signed affidavits by then-Attorney General John Ashcroft ("Ashcroft"), then-Deputy Secretary of Defense Paul Wolfowitz ("Wolfowitz"), and Uldric Fiore ("Fiore"), then the Army Litigation Division Chief. After an in camera review of the supporting documentation, the court found that the 1998 Defendants could not defend the 1998 Lawsuit without resorting to use of state secrets and that the state-secrets doctrine therefore required dismissal of all claims. The Tenenbaums appealed and, after reviewing the sealed materials in support of the state-secrets assertion, we affirmed. *Tenenbaum v. Simonini*, 372 F.3d 776 (6th Cir. 2004).

On March 14, 2006, Senator Carl Levin made a formal request to the Office of the Inspector General at the Department of Defense that an investigation of the Tenenbaum matter be conducted. On July 13, 2008, the Department of Defense submitted its completed report (the "Report") to Senator Levin by way of the Senate Armed Services Committee. The Report presents certain factors that raised concerns regarding the possibility that Mr. Tenenbaum was engaged in espionage. The Report details the history of the Investigation, and concludes, among other things, that: (1) Mr.

Tenenbaum was subjected to inappropriate treatment; (2) the Investigation deviated from established policies and procedures; (3) the Investigation was improperly used as a cover for a counterintelligence investigation; and (4) Mr. Tenenbaum's religion was a factor in the decision to commence the Investigation.

The Report also contains several relevant qualifications. For example, while the Report states that investigators "reviewed relevant classified and unclassified records, including records relating to the affidavits of [Wolfowitz] and [Ashcroft]," it also declares that investigators "did not review the actions taken by the Department of Justice or the FBI" and therefore "were unable to perform a comprehensive review of the state secrets documents related to the case dismissal." The Report further states that it "should not be construed as commenting on the judicial decisions rendered in civil litigation."

On February 19, 2009, the Tenenbaums filed the present action. In their Complaint, the Tenenbaums allege that the 1998 Defendants, along with Ashcroft, Wolfowitz, and Fiore (collectively, the "2009 Defendants"), knowingly lied when they asserted the state-secrets privilege in the 1998 Lawsuit. The Tenenbaums argue that the Report proves that no evidence ever existed against Mr. Tenenbaum, and that the intense scrutiny Mr. Tenenbaum suffered was solely the result of religious discrimination by the 1998 Defendants and others, The Tenenbaums further argue that the 2009 Defendants could not have legitimately believed the state-secrets privilege applied in the 1998 Lawsuit.

The 2009 Defendants moved to dismiss the present case as barred by *res judicata*, collateral estoppel, and the statute of limitations, and on the grounds that the district court lacked personal and

subject matter jurisdiction and that the Tenenbaums failed to state a claim. The district court expressly rejected the 2009 Defendants' personal and subject matter jurisdiction claims, and did not rule on the Tenenbaums' *res judicata* and failure-to-state-a-claim arguments.[1] The district court concluded, however, that collateral estoppel precluded relitigation of the validity of the state-secrets doctrine. The district court therefore granted the 2009 Defendants' motion to dismiss, and the Tenenbaums filed this appeal.

## ANALYSIS

As an initial matter, we are prepared to concede that during the Investigation the Tenenbaums were forced to endure a highly unusual amount of scrutiny and intrusion into their lives. We are also prepared to assume, for the purposes of this appeal, that Mr. Tenenbaum's religion played a role in the decision to investigate him. However, as the following analysis shows, any sympathy for the Tenenbaums' regrettable experiences cannot alter the district court's proper conclusion that collateral estoppel applies to bar the Tenenbaums' present case.

Whether collateral estoppel is applicable is a mixed question of law and fact which we review de novo. *Wolfe v. Perry*, 412 F.3d 707, 716 (6th Cir. 2005). "Issue preclusion, or collateral estoppel, bars subsequent relitigation of a fact or issue where that fact or issue was necessarily adjudicated in a prior cause of action and the same fact or issue is presented in a subsequent suit." *Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 589 (6th Cir. 2009). Before the doctrine of collateral estoppel may be applied to bar relitigation of an issue, four requirements must be met: (1) the precise issue must have been raised and litigated in the prior action; (2) the determination of the issue must have been

---

[1]The 2009 Defendants do not challenge these portions of district court's decision.

necessary to the outcome of the prior action; (3) the prior proceedings must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding. *Id.* at 589-90.

The present action consists of a single claim, that the 2009 Defendants deprived the Tenenbaums of their constitutional right to meaningful access to the courts by the false invocation of the state-secrets doctrine in the 1998 Lawsuit. But that precise issue was directly addressed by the district court and this court in dismissing the 1998 Lawsuit, when it was determined that the state-secrets privilege had been properly invoked by the government and invocation of the privilege denied the 1998 Defendants any defense. The Tenenbaums' claims regarding invocation of the state-secrets privilege were therefore raised and litigated during the 1998 Lawsuit and were necessary to the final resolution of the case; the first three requirements for collateral estoppel have been satisfied.

The Tenenbaums argue, however, that collateral estoppel should not apply in this case because they were not allowed to fully and fairly litigate the state-secrets doctrine during the 1998 Lawsuit. The Tenenbaums were represented by counsel during the entirety of the 1998 Lawsuit, which was litigated both before the district court and before us, but the Tenenbaums argue that they were deprived of the opportunity to fully litigate the issue because the 2009 Defendants "submitted *false* statements and sealed materials to the Courts to support their frivolous assertion of the state-secrets privilege in order to mislead and deceive the Courts into dismissing the 1998 Lawsuit."

The Tenenbaums' evidence for the alleged falsity of the sealed materials submitted during the 1998 Lawsuit is the findings of the Report. As discussed by the district court, however, any claim that the 2009 Defendants engaged in any falsehoods during the 1998 Lawsuit goes to the

5

merits of the prior lawsuit, not to whether the Tenenbaums had the opportunity to fully and fairly litigate the assertion of the state-secrets privilege. Nevertheless, even if we were to accept the Tenenbaums' faulty premises, namely that (1) the alleged falsity of the sealed materials is relevant to the question of whether collateral estoppel applies, and (2) the conclusions of the Report are binding on this court, the Report would still be insufficient to overcome the application of collateral estoppel. By its own terms, the Report makes clear that investigators did not conduct a comprehensive review of the sealed documents and disclaims any intent to criticize or comment on the assertion of the state-secrets doctrine in the 1998 Lawsuit. There is simply no evidence that the Department of Defense's investigators even reviewed, let alone found false, the documents that were submitted under seal to the district court and this court during the 1998 Lawsuit. We find, therefore, that the Tenenbaums had a full and fair opportunity to litigate the state-secrets question during the 1998 Lawsuit and that collateral estoppel bars relitigation of that question in the present case.

The Tenenbaums argue, in the alternative, that collateral estoppel should not be rigidly applied here because doing so would contravene public policy and result in manifest injustice. *Tipler v. E.I. duPont deNemours & Co.*, 443 F.2d 125, 128 (6th Cir. 1971). The Tenenbaums argue that there is an overriding public policy in favor of access to the courts, and that application of collateral estoppel would allow the 2009 Defendants to get away with their allegedly false and fraudulent invocation of the state-secrets privilege. As set forth above, however, the Report does not establish that the sealed materials in the 1998 Lawsuit were false, and the Tenenbaums' "manifest injustice" argument also fails.

## CONCLUSION

Accordingly, we **AFFIRM** the judgment of the district court.