**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD BELL, et al., | No. 12-16907 |
| Plaintiffs - Appellants, | D.C. No. 3:10-cv-00444-RCJ-WGC, |
| v. | |
| RECONTRUST COMPANY, N.A., et al., | |
| Defendants - Appellees | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Submitted October 9, 2014[**]
San Francisco, California

Before: W. FLETCHER and WATFORD, Circuit Judges, and DUFFY, District Judge.[***]

Plaintiffs-Appellants Robert and Sally Kelley, Michael F. McKeon, Nigel

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Rudlin, and Shane Snyder ("Plaintiffs") filed suit against Defendants-Appellees ReconTrust Company, N.A., Bank of America, N.A., and Countrywide Home Loans, Inc. ("Defendants") regarding foreclosure proceedings against Plaintiffs' properties. This action is the second such lawsuit brought by Plaintiffs in connection with the properties and the procedural history of Plaintiffs' original lawsuits is somewhat convoluted. While certain of Plaintiffs' claims in the original suits were joined in a multi-district case ("MDL") in the District of Arizona, some of the claims at issue, to the extent that they involved conduct related to loan origination and were not strictly MERS-related, remained in Nevada federal district court. *See In Re: Mortgage Electronic Registration Systems (MERS) Litigation*, No. 2:09-md-02119-JAT (D. Ariz, filed December 7, 2009). We affirmed the judgment of the district court on the issues relevant to this appeal in *In Re: Mortgage Electronic Registration Systems (MERS) Litigation,* 754 F.3d 772 (9th Cir. 2014), though we reversed the district court's judgment and remanded the case to the district court regarding a claim under Arizona law irrelevant to the instant Plaintiffs' claims.

I.      **Procedural History of Plaintiffs' Claims**

Each Plaintiff in this case, filed on July 16, 2010, was party to an earlier case involving the same properties and defendants. On April 5, 2010, in Nevada federal

2

district court, Plaintiffs Robert and Sally Kelly filed suit against Defendants in *Kelley et al. v. Genuine Title et al.,* No. 3:10–cv–00192–RCJ–VPC.  The case was consolidated-in-whole with *In Re: Mortgage Electronic Registration Systems (MERS) Litigation,* and dismissed with prejudice on October 3, 2011, and we affirmed the dismissal.  Plaintiffs Robert and Sally Kelley failed to join the consolidated amended complaint in the multi-district case, so their claims were dismissed for that reason, in addition to the reasons that the district court found to dismiss the consolidated amended complaint.

On November 6, 2009, in Nevada federal district court, Plaintiff Shane Snyder filed suit against Defendants in  *Dalby v. Citimortgage, Inc.,* No. 3:09–cv–00659–RCJ–VPC.  *Dalby* was consolidated-in-part with *In Re: Mortgage Electronic Registration Systems (MERS) Litigation*.  Though Plaintiff Shane Snyder withdrew his original claims not consolidated in the MDL on July 2, 2010, shortly before filing this subsequent lawsuit, he continued to litigate his MERS-related claims in the MDL court.  Those MDL claims were dismissed with prejudice on October 3, 2011, and we affirmed the dismissal.

On September 14, 2009, in Nevada federal district court, Plaintiffs Michael McKeon and Nigel Rudlin filed suit against Defendants in *Dalton v. Citimortgage, Inc.,* No. 3:09–cv–00534–LDG-VPC.  *Dalton* was consolidated-in-part with *In Re:*

3

*Mortgage Electronic Registration Systems (MERS) Litigation.* Though Plaintiffs

McKeon and Rudlin withdrew their original claims not consolidated in the MDL

on July 2, 2010, shortly before filing this subsequent lawsuit, they continued to

litigate MERS-related claims in the MDL court. Those MDL claims were

dismissed with prejudice on October 3, 2011, and we affirmed the dismissal.

Plaintiffs' claims in the original lawsuits involved the same properties, defendants,

and causes of action at issue in this case, and were brought with the same counsel.

This appeal involves two issues: (i) the district court's decision on March 30,

2011, to dismiss Plaintiffs' suit as duplicative of previously filed actions,[1] while

permitting Plaintiffs to amend the complaint to plead a promissory estoppel claim;

and (ii) the district court's decision on August 3, 2012, granting Defendants'

---

[1] Plaintiffs mischaracterize the issue on appeal as "whether [Plaintiffs] had claims for breach of the covenant of good faith and fair dealing." The district court determined that most of the claims alleged by Plaintiffs in this suit were duplicative of the causes of action in previously filed suits, and dismissed those claims (including a claim for "Breach of the Covenant of Good Faith and Fair Dealing in Contracts and/or Interference in Contractual Relations") on that ground. As for the "breach of the covenant of good faith and fair dealing," the district court determined at the March 7, 2011, hearing on Defendants' motion to dismiss, that the facts that Plaintiffs pled may have supported a promissory estoppel theory based on Defendants' conduct that occurred after the original suits were filed, and allowed Plaintiffs to amend accordingly. Plaintiffs did amend to plead a promissory estoppel claim. Properly put, the first issue on appeal is whether the district court abused its discretion in determining that the claims dismissed, including the claim for "breach of the covenant of good faith and fair dealing," were duplicative of a previous suit.

4

motion to dismiss a promissory estoppel claim under Nevada law.[2] This Court has

jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's judgment.

## II. The District Court's Decision to Dismiss the Suit

We review the district court's decision to dismiss a duplicative claim for an

abuse of discretion. *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1086 (9th Cir.

2012). The "abuse of discretion" test requires us to consider (i) whether the district

court identified the correct legal standard for decision on the issue before it and, to

determine (ii) "whether the district court's findings of fact, and its application of

those findings of fact to the correct legal standard, were illogical, implausible, or

without support in inferences that may be drawn from facts in the record." *U.S. v.

Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc).

"[I]n assessing whether the second action is duplicative of the first, we

examine whether the causes of action and relief sought, as well as the parties or

---

[2] Plaintiffs' also identified the district court's July 21, 2011, order in the notice of appeal. In that order, the district court rejected Plaintiffs' first attempt to plead the promissory estoppel claim in lieu of the "breach of the covenant of good faith and fair dealing" claim. Because Plaintiffs' opening brief does not argue that the district court's decision was issued in error or in an abuse of discretion, we conclude that any appeal of the July 21, 2011, order is waived. *See* Fed. R. App. P. 28(a)(8); *Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 487 (9th Cir. 2010). In any event, the district court did not abuse its discretion in dismissing the third amended complaint because Plaintiffs continued to plead claims that dealt with the original loans and were therefore duplicative of earlier litigation.

5

privies to the action, are the same." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007). The district court found that Plaintiffs had separately filed actions in 2009 and 2010 naming the Defendants that concerned the same foreclosed properties at issue in this case and dismissed the claims in this case that were duplicative of the claims litigated in the previously filed cases. Plaintiffs do not make any argument or cite any case law to explain how, if at all, the district court abused its discretion in determining that their claims were duplicative of claims in previously filed actions. That failure is grounds enough to affirm the district court's judgment. *See Weston v. Lockheed Missiles & Space Co.*, 881 F.2d 814, 816 (9th Cir. 1989). There is nothing in the record that demonstrates that the district court abused its discretion. We conclude that the district court did not abuse its discretion when it dismissed the claims as duplicative of previously filed actions.

## III.    The District Court's Decision to Dismiss the Promissory Estoppel Claim

When the district court dismissed Plaintiffs' claims as duplicative of a previously filed lawsuit, it provided Plaintiffs the opportunity to amend their complaint to include a claim for promissory estoppel for conduct that occurred after the original suits were filed. Plaintiffs so amended the complaint and the district court granted Defendants' motion to dismiss the amended complaint for

failure to state a claim.  We review de novo the district court's decision to grant a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc).  A complaint need not state "detailed factual allegations," but it must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  We review de novo the district court's interpretation of state law.  *Coughlin v. Tailhook Ass'n*, 112 F.3d 1052, 1055 (9th Cir. 1997).

"Broadly speaking, Nevada follows the doctrine of promissory estoppel articulated in the Restatement (Second) of Contracts."  *Dynalectric Co. of Nev. v. Clark & Sullivan Constructors, Inc.*, 255 P.3d 286, 288 (Nev. 2011).  Under Nevada law, the elements of promissory estoppel are:

> (1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; (4) he must have relied to his detriment on the conduct of the party to be estopped.

*Pink v. Busch*, 691 P.2d 456, 459 (Nev. 1984) (quoting *Cheqer, Inc. v. Painters &*

7

*Decorators Joint Comm., Inc.*, 655 P.2d 996, 998–99 (Nev. 1982)).

In Nevada, a plaintiff must establish that the defendant made a definitive promise to the plaintiff in order to establish a primary element of promissory estoppel. *See Vancheri v. GNLV Corp.*, 777 P.2d 366, 369 (Nev. 1989) ("The doctrine of promissory estoppel, which embraces the concept of detrimental reliance, is intended as a substitute for consideration, not as a substitute for an agreement between the parties. Accordingly, the first prerequisite of the agreement is a promise." (citations omitted)). The amended complaint does not allege any definitive promise to any of the Plaintiffs from any Defendants. Plaintiffs allege that Defendant Bank of America, N.A.'s representatives–whom they do not identify–told Plaintiffs that they could not be considered for a mortgage modification unless Plaintiffs were late on their mortgage payments. Plaintiffs do not allege that Bank of America promised to modify their mortgages or delay foreclosure. Informing Plaintiffs of Bank of America's policies regarding mortgage modifications does not amount to a definitive promise to modify the loan or a definitive promise not to foreclose on Plaintiffs' properties. *See* Restatement (Second) of Contracts § 2 cmt. e (1981).

Moreover, the complaint failed to set forth any facts with regard to ReconTrust Company, N.A. and Countrywide Home Loans, Inc. Plaintiffs make

no specific allegations against these defendants. ReconTrust Company, N.A. and Countrywide Home Loans, Inc. are merely named as defendants. As a result, any claims for promissory estoppel against ReconTrust Company, N.A. and Countrywide Home Loans, Inc. must fail. *See Iqbal*, 556 U.S. at 678.

For these reasons we affirm the district court's decision dismissing the fourth amended complaint for failure to state a claim.

The judgment of the district court is **AFFIRMED.**